IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 12-cr-00444-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY LYNN HOPSON,

    Defendant.

___

ORDER
___

On October 24, 2012, the Grand Jury indicted Defendant, Gregory Lynn Hopson, on: (1) eight counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e) & 3559(e); (2) two counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1); (3) four counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and (4) two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

In a motion entitled "Defendant's Unopposed Motion for an Exclusion of 180 Days from the Speedy Trial Act" Defendant seeks an order declaring this case complex pursuant to 18 U.S.C. § 3161(h)(7)(A), on the basis that this case "is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions at law or fact, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [speedy trial] time limits established by" 18 U.S.C. §3161(c). [**Doc # 21**] The Government does not oppose the motion.

I find, for the reasons stated on the record at the Status Conference on December 18, 2012, that this case involves unusual and complex issues such that the case should be declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) . Specifically, this case involves complex issues of facts related to the nature of the case and complicated discovery issues – including the proposed number of witnesses, alleged extensive images and videos, and various seized media devices such as computers, cell phones, and a digital camera that will likely require forensic examinations and expert analysis – as well as potentially novel and difficult questions of law that often arise in cases involving allegations of child pornography. In addition, I note that the applicability of possible pre-trial motions and constraints under the Adam Walsh Child Protection and Safety Act of 2006 provide further complexity to this matter.

As a result, I conclude that it is unreasonable to expect adequate preparation for pretrial proceedings, or for the trial itself, within the time limits established by 18 U.S.C. §3161(c) and, as such, I further conclude that the ends of justice are served by declaring this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), as such declaration outweighs the best interests of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

ACCORDINGLY, I ORDER that this case is complex pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii); I GRANT Defendant's Unopposed Motion for an Exclusion of 180 Days from the Speedy Trial Act [**Doc #21**]; and a further status and scheduling hearing is set for **Wednesday, April 17, 2013 at 10:00 am.**

Dated: December __18__, 2012 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge